# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 00-590V
Filed: September 7, 2016

| | |
|---|---|
| * * * * * * * * * * * * * * * | UNPUBLISHED |
| DWAYNE COZART and MICHELE HAMILTON, as representatives of the Estate of C.A.C., | |
| | Chief Special Master Dorsey |
| Petitioners, | |
| v. | Sudden Infant Death Syndrome ("SIDS"); Attorneys' Fees and |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Costs; Unnecessary Billing By Multiple Attorneys |
| Respondent. | |
| * * * * * * * * * * * * * * | |

Ronald Craig Homer, Conway, Homer & Chin-Caplan, Boston, MA, for petitioners.
Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

The undersigned issued a decision denying entitlement in the above captioned case on October 15, 2015. Decision dated October 15, 2015 (ECF No. 195). On July 11, 2016, petitioners filed an Application for Attorneys' Fees and Costs. Petitioners' Application ("Pet'rs' App.") dated July 11, 2016 (ECF No. 209). On August 5, 2016, petitioners filed a Supplemental Application for Attorneys' Fees. Petitioners' Supplemental Application ("Pet'rs' Supp. App.") dated August 5, 2016 (ECF No. 213). Petitioners request a total of $178,032.61 in fees and costs. Id. at 2. For the reasons set forth below, the undersigned grants petitioners' motion and awards a total of $171,178.23 in fees and costs.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

I.      **Procedural History**

On October 2, 2000, Dwayne Cozart and Michele Hamilton ("petitioners") filed a petition on behalf of their deceased minor child, C.A.C., pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-1 to -34 (2012).[2]  Petitioners alleged that the Hepatitis B, Diphtheria-Tetanus-acellular-Pertussis ("DTaP"), inactivated polio ("IPV"), and haemophilus influenza ("Hib") vaccines that C.A.C. received on October 19, 1998, resulted in his death on that same day.  See Amended Petition dated October 24, 2011 (ECF No. 99) at 1.  From the filing of the petition until April 2004, petitioners were represented by Mr. Clifford John Shoemaker of the law firm Shoemaker & Associates.  On April 12, 2004, petitioners filed a Motion to Substitute Attorney Mr. Ronald Craig Homer in place of Mr. Shoemaker.  See Motion to Substitute dated April 12, 2004 (ECF No. 24).  The motion was granted on April 15, 2004, and Conway, Homer & Chin-Caplan ("CHCC") has represented petitioners since that date.

On August 6, 2012, petitioners filed an expert report from Dr. Douglas Miller, along with his curriculum vitae and medical literature referenced in his report.  See Petitioners' Exhibits ("Pet'rs' Ex.s") 21-45 (ECF No. 107-109).  On September 26, 2012, respondent filed a motion for summary judgment, arguing that the petition must be dismissed due to a lack of evidence.  See Respondent's Motion for Summary Judgment ("MSJ") dated September 26, 2012 (ECF No. 114) at 8, 12.  On October 15, 2012, petitioners filed an opposition to respondent's motion for summary judgment.  See Petitioners' Response to Motion for Summary Judgment ("Pet'rs' Resp. to MSJ") dated October 15, 2012 (ECF No. 115).  On January 14, 2013, this case was reassigned to the undersigned.  See Order dated January 14, 2013 (ECF No. 116).  The undersigned denied respondent's motion for summary judgment on February 12, 2013.  See Order dated February 12, 2013 (ECF No. 117) at 4.

On April 30, 2013, respondent filed an expert report from Dr. Hart Lidov.  See Respondent's Exhibit ("Resp't's Ex.") A (ECF No. 121).  On June 21, 2013, respondent filed another expert report from Dr. Christine McCusker.  See Resp't's Ex. C (ECF No. 126).  On July 15, 2013, respondent filed a Rule 4(c) Report recommending against compensation.  See Respondent's Report ("Resp't's Rep.") dated July 15, 2013 (ECF No. 129) at 1.

After failed attempts to settle the case in late 2013, petitioners filed an expert report from Dr. James Oleske on December 11, 2013, and respondent filed a supplemental report from Dr. McCusker on February 10, 2014.  See Pet'rs' Ex. 47 (ECF No. 142); Resp't's Ex. E (ECF No. 145).  An entitlement hearing was held on September 25-26, 2014, in Washington, D.C.  On October 15, 2015, the undersigned issued a Decision denying entitlement.  See Decision dated October 15, 2015 (ECF No. 195) at 2.  On November 16, 2015, petitioners filed a motion for review of Decision denying entitlement.  See Petitioners' Motion for Review ("Pet'rs' Mot. Rev.") dated November 16, 2015 (ECF No. 198).  The motion was denied on March 9, 2016.  See Opinion dated March 9, 2016 (ECF No. 205).

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On July 11, 2016, petitioner filed an Application for Attorneys' Fees and Costs, requesting $6,424.25 in attorneys' fees and $175.14 in attorneys' costs for the former attorney, Shoemaker & Associates; and $136,434.50 in attorneys' fees and $33,925.72 in attorneys' costs for CHCC. See Pet'rs' App. at 1. In accordance with General Order #9, petitioners state that they incurred $420.00 in personal costs in pursuit of the claim. Id.

On July 26, 2016, respondent filed a response to petitioners' application. See Respondent's Response ("Resp't's Resp.") dated July 26, 2016 (ECF No. 211). Respondent does not oppose the requested hourly rates, but stated that based on similar cases, a reasonable amount of fees and costs in the present case would fall between $110,000.00 and $130,000.00. Id. at 5.

On August 5, 2016, petitioners filed a reply to respondent's response. See Pet'rs' Reply dated August 5, 2016 (ECF No. 212). Petitioners also filed a Supplemental Application for Attorneys' Fees in the amount of $653.00 for CHCC. See Pet'rs' Supp. App. at 1. Petitioners request a total of $178,032.61 in fees and costs. Id. at 2.

This matter is now ripe for adjudication.

## II. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Respondent has not objected to petitioner's application for fees and costs on the basis of a lack of good faith or reasonable basis. The undersigned finds that petitioners brought their petition in good faith and that a reasonable basis exists.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d at 1347 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. at 1347-48.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85

Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1521. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### i. Unnecessary Time Billed by Multiple Attorneys

The undersigned has previously found it reasonable to reduce the fees paid to CHCC due to duplicative billing. See Lord v. Sec'y of Health & Human Serv., No. 12-255V, 2016 WL 3960445 (Fed. Cl. Spec. Mstr. June 30, 2016) (reducing CHCC's overall fee award by ten percent due to excessive and duplicative billing); Ericzon v. Sec'y of Health & Human Servs., No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); see also Sexton v. Sec'y of Health & Human Serv., No. 99-453V, 2015 WL 7717209 (Fed. Cl. Spec. Mstr. Nov. 9, 2015) (reducing Mr. Homer's unnecessary and duplicative billings by one-half). The undersigned and other special masters have previously noted the inefficiency that results when multiple attorneys work on one case. CHCC often employs such a business model, but special masters have also reduced fees for other attorneys and firms. See Sabella, 86 Fed. Cl. at 214-15 (affirming the special master's reduction of fees for overstaffing where three attorneys from two different firms worked on a case together).

The undersigned notes and appreciates that Mr. Homer has subtracted a total of 4.30 non-billable hours from CHCC's timesheet. See Pet'rs' App., Tab A at 40. However, the undersigned finds some of petitioners' requested fees unreasonable, unnecessary, and duplicative. At least six CHCC attorneys worked on petitioners' case, including Mr. Homer, Ms. Chin-Caplan, Ms. Ciampollilo, Mr. Conway, Mr. Pepper, Ms. Daniels, in addition to law clerks and paralegals. Id. at 42. Petitioners have not provided a sufficient explanation as to why the involvement of this many attorneys in a single case is necessary.

CHCC also billed excessive time for intra-office communications, including meetings, telephone calls, and office memoranda. For example, Mr. Homer, Ms. Ciampollilo, Ms. Chin-Caplan, Mr. Pepper, and paralegals all billed time for case meetings, discussions, and reviewing internal memos.[3] They all billed time for the same meetings with each other.[4] Additionally, they all spent multiple hours drafting and reviewing memos to each other about the case.[5] Other special masters as well as the undersigned have found these practices unnecessarily duplicative. See Lord, 2016 WL 3960445, at *7; Ericzon, 2016 WL 447770, at *4; Austin v. Sec'y of Health

---

[3] See Pet'rs' App., Tab A, at 9-18, 21-39.

[4] See Pet'rs' App., Tab A, at 9-18, 22-27, 29, 32-39.

[5] See Pet'rs' App., Tab A, at 9-17, 19-25, 27-34, 37-39.

4

& Human Servs., No. 10-362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) (Special Master Vowell deducted fees for excessive intra-office communication in a case where seven attorneys at CHCC billed for attending conferences and drafting memoranda about the case); Soto v. Sec'y of Health & Human Servs., No. 09-897V, 2011 WL 2269423, at *6-8 (Fed. Cl. Spec. Mstr. June 7, 2011) (Special Master Millman reduced CHCC's fees for intra-office communications and meetings); Carcamo v. Sec'y of Health & Human Servs., No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011) (Special Master Millman reduced fees when two attorneys at the Law Offices of Dale K. Galipo billed for the same meetings with a client).

The undersigned has previously found that reviewing of documents by multiple CHCC attorneys will lead to excessive billing. See Lord, 2016 WL 3960445, at *7. Like their practices in Lord, Mr. Homer and his associates billed excessive hours to review court orders and filing notifications, and to edit work product for each other.[6] In petitioners' fee application, there are at least 102 entries, totaling 11.30 hours, in which CHCC attorneys billed time to review orders and notifications in this case.[7] On a few occasions, multiple CHCC attorneys reviewed a same order or notification and all billed time for doing so.[8] There are at least 29 entries, totaling 10.30 hours, in which CHCC attorneys and paralegals billed time to revise and edit each other's work product, including the affidavit, motions, status reports, and client letters.[9] Many of these billings are unnecessary and duplicative, especially in light of the fact that another partner appeared to be the lead attorney of record.

For all of these reasons, the undersigned will reduce petitioners' requested attorneys' fees for CHCC by five percent. The undersigned reduces petitioners' requested attorneys' fees for CHCC by $6,854.38, and thus awards $130,233.12 in attorneys' fees for CHCC.

    **b. Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $175.14 in attorneys' costs for Shoemaker & Associates, and $33,925.72 in attorneys' costs for CHCC. See Pet'rs' App. at 1. The requested costs for Shoemaker & Associates include medical record fees; the requested costs for CHCC include medical record fees, postage, photocopies, expert fees charged by Dr. John Shane, Dr. Thomas Gill, Dr. Douglas Miller, and Dr. James Oleske, as well as meals, travel expenses, and hotel accommodations for petitioners, counsel, and experts during the entitlement hearing on September 25-26, 2014, in Washington, D.C. See Pet'rs' App. at 40-41, 88.

---

[6] See Pet'rs' App., Tab A, at 4-5, 8-25, 27-38.

[7] See Pet'rs' App., Tab A, at 4-5, 8-21, 23-25, 27-38.

[8] See Pet'rs' App., Tab A, at 16, 21, 27-29, 31-33, 36, 38.

[9] See Pet'rs' App., Tab A, at 4, 9-10, 14-15, 18-20, 22-23, 28, 30-33, 35-38.

Respondent argued because CHCC has been awarded fees and costs in similar cases simultaneously with the present case with the same medical theory and experts, a reasonable amount for fees and costs in the present case would fall between $110,000.00 and $130,000.00. See Resp't's Resp. at 5.  Particularly, respondent stated that the costs awarded in Sexton included $6,000.00 for Dr. Miller and $8,000.00 for Dr. Oleske; and the costs awarded in Lord included $17,000.00 for Dr. Miller and $9,250.00 Dr. Oleske.  See Resp't's Resp. at 4.  The undersigned noted that unlike Sexton and Lord, Dr. Miller and Dr. Oleske both testified at a two-day hearing in the present case.  Dr. Miller testified by telephone from Columbia, Missouri, and Dr. Oleske traveled from New Jersey to Washington, D.C. to testify in the courtroom.  See Pet'rs' App. at 79, 81.  Dr. Oleske's billing record shows that he has reduced his hourly rate by one-half for the hours expended on the travel between New Jersey and Washington, D.C.  See id. at 81.  The undersigned finds this reasonable and appropriate.  Therefore, the undersigned finds petitioners' requested attorneys' costs to be reasonable, and will pay them in full.

In accordance with General Order #9, petitioners also request a total of $420.00 in personal costs in pursuit of the claim, which include medical record fees and the filing fee.  See Pet'rs' App. at 1, 93-94.  The undersigned finds that petitioners' costs are reasonable.

### III. Conclusion

The undersigned finds an award of attorneys' fees and costs appropriate.  In sum, the undersigned awards petitioners the following amount of fees and costs:

    **a. Petitioner, Dwayne Cozart**

| | |
|---|---|
| Personal Costs: | $210.00 |

    **b. Petitioner, Michele Hamilton**

| | |
|---|---|
| Personal Costs: | $210.00 |

    **c. Conway, Homer, & Chin-Caplan, P.C.**

| | |
|---|---|
| Requested Attorneys' Fees: | $137,087.50 |
| Reductions: | $6,854.38 |
| Attorneys' Fees Awarded: | $130,233.12 |
| Attorneys' Costs Awarded: | $33,925.72 |
| Total Attorneys' Fees and Costs Awarded: | $164,158.84 |

    **d. Shoemaker & Associates**

| | |
|---|---|
| Attorneys' Fees Awarded: | $6,424.25 |
| Attorneys' Costs Awarded: | $175.14 |
| Total Attorneys' Fees and Costs Awarded: | $6,599.39 |

**Accordingly, the Court awards:**

    a. **$210.00**, representing petitioner's personal costs. The award shall be in the form of a check payable to petitioner, Dwayne Cozart.

    b. **$210.00**, representing petitioner's personal costs. The award shall be in the form of a check payable to petitioner, Michele Hamilton.

    c. **$164,158.84**, representing attorneys' fees and costs. The award shall be in the form of a check payable jointly to petitioners and Conway, Homer, & Chin-Caplan, P.C.

    d. **$6,599.39**, representing attorneys' fees and costs. The award shall be in the form of a check payable jointly to petitioners and Shoemaker & Associates.

In the absence of a motion for review filed pursuant to the RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[10]

    **IT IS SO ORDERED.**

                                                 s/Nora Beth Dorsey
                                                 Nora Beth Dorsey
                                                 Special Master

---

[10] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each part, either separately or jointly, filing a notice renouncing the right to seek review.